# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 26-mj-00012-SBP-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    THOMAS SANDGAARD,

    Defendant.

## ORDER OF DETENTION

    THIS MATTER came before the court for a detention hearing on January 26, 2026.

    The government is requesting detention in this case. The defendant contested detention. Both sides offered argument beyond the contents of the bail report. In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report.

    In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following: The defendant is alleged to have orchestrated a fraud scheme that collected $873 million by overbilling and engaging in fraudulent claims related to the provision of an electrotherapy device. The defendant is charged in a fifteen-count indictment and facing significant penalties; in particular, the Guidelines suggest a sentence of approximately 20 years' imprisonment, giving him an incentive

to flee. He has significant ties overseas, including the past ownership of European sports teams and millions of dollars alleged to have been sent abroad. Although much of that money may have been tied up in the operation of the European soccer team, there are still millions of dollars sent overseas that are unaccounted for and significant funds sent overseas after the sale of the European soccer team. The defendant still owns a hockey team in Denmark. He is alleged to have engaged in intimidation tactics against reporters who attempted to expose the scheme, raising questions about his willingness to face accountability over the scheme. Current management of the defendant's former company has hired private security spurred by fears of retaliation. Accordingly, based on the foregoing, I find that there are no conditions or combination of conditions that I can impose to assure the appearance of the defendant as required.

      IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

      IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

      IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: January 26, 2026	BY THE COURT:


	s/*Cyrus Y. Chung*
	Cyrus Y. Chung
	United States Magistrate Judge